## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| Antonio D.,  Plaintiff,  v.  Frank Bisignano, Commissioner  Social Security Administration,  Defendant. | )))))))))) | C.A. No. 1:25-cv-00151-AEM |

## MEMORANDUM AND ORDER

AMY E. MOSES, United States Magistrate Judge.

Plaintiff Antonio is a 35-year-old who suffers from severe impairments of anxiety, depression, and attention deficit hyperactivity disorder ("ADHD"). ECF No. 9 at 48, 54. The Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denied Antonio's claims for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). *Id.* at 42-55.

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in the record to support the Commissioner's decision and findings that Antonio is not disabled within the meaning of the Act.

### I.    PROCEDURAL HISTORY

Antonio filed applications for SSDI and SSI on October 27, 2022. ECF No. 9 at 41. His claims were denied initially on March 7, 2023 (*id.* at 98-113) and on reconsideration on July 12,

2023 (*id.* at 114-29).  Antonio requested an Administrative Hearing that was held on February 26, 2024 before the Administrative Law Judge, Kate Dana (the "ALJ").  *Id.* at 60-92.  At the hearing, Antonio was represented by counsel and testified, and Vocational Expert ("VE") Edmond Calandra testified as well.  *Id.*  The ALJ issued a decision unfavorable to Antonio on March 20, 2024 (*id.* at 42-55) and the Appeals Council denied Antonio's request for review on February 5, 2025 (*id.* at 5-8).  Antonio timely appealed by filing his Complaint on April 11, 2025 seeking to reverse the decision of the Commissioner.  ECF No. 1.  On September 9, 2025, Antonio filed Plaintiff's Motion to Reverse the Decision of the Commissioner.  ECF No. 13.  On September 17, 2025, the Commissioner filed Defendant's Motion to Affirm the Commissioner's Decision.  ECF No. 15.  Antonio did not file a reply.

## II.    STANDARD OF REVIEW

The Commissioner's findings as to any fact "shall be" conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The determination of substantiality is based upon an evaluation of the record as a whole.  *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (per curiam); *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I. 1999), *aff'd*, 230 F.3d 1347 (1st Cir. 2000) (per curiam).  The Court's role in reviewing the Commissioner's decision is limited.  *Brown*, 71 F. Supp. 2d at 30.  The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner.  *Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report and recommendation adopted by text order*, (D.R.I. Mar. 31, 2022).  Where the Commissioner's decision is supported by substantial evidence, the

Court must affirm. *Tegan S. v. Saul*, 546 F. Supp. 3d 162, 168 (D.R.I. 2021); *Rodriguez Pagan v. Sec'y Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

### III.    ALJ DECISION

The ALJ follows a five-step process in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at Steps One through Four, and the Commissioner bears the burden at Step Five. *Wells v. Barnhart*, 267 F. Supp. 2d 138, 144 (D. Mass. 2003).

Here, at Step One, the ALJ determined that Antonio had not worked at a level that rose to substantial gainful activity since the alleged onset date of January 30, 2022. ECF No. 9 at 47. At Step Two, the ALJ found that Antonio's anxiety disorder, depressive disorder, and ADHD were severe impairments. *Id.* at 48. At Step Three, the ALJ first found that Antonio did not have an impairment or combination of impairments that met or medically equaled a Listing. *Id.* The ALJ determined that Antonio had the Residual Functional Capacity ("RFC")[1] to perform a range of work at all exertional levels. *Id.* at 50. The RFC contained the following non-exertional limitations:  Antonio can understand, remember, and carry out simple instructions and tasks; frequently interact with supervisors; occasionally interact with coworkers and the public; tolerate occasional changes in a routine work setting; and perform goal-oriented tasks. *Id.* He cannot perform time-pressured tasks that involve hourly production quotas. *Id.*

At Step Four, the ALJ relied on the VE's testimony and considered Antonio's RFC to determine that he could perform past relevant work as a janitor. *Id.* at 53-54. As an alternative Step Five finding, the ALJ relied on the VE to find that in addition to his past relevant work,

---

[1] RFC is "the most you can still do despite your limitations," considering "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

Antonio could do a significant number of other jobs in the national economy.  *Id.* at 54-55.  The ALJ therefore concluded that Antonio is not disabled within the meaning of the Act.  *Id.* at 55.

## IV.    ANALYSIS

On appeal to this Court, Antonio claims the ALJ erred as a matter of law by formulating an RFC that did not consider his ability to complete a normal workday and workweek.  ECF No. 13 at 2.  He also argues that the RFC was not based on substantial evidence.  *Id.*  The Commissioner moves to affirm the ALJ's decision, arguing that Antonio's workday and workweek argument has been "soundly rejected" by this Court and substantial evidence supports the ALJ's RFC finding.  ECF No. 15 at 3.

### A.  Workday and Workweek

This Court has repeatedly dispatched with the argument that the ALJ failed to assess whether a claimant could complete a full workday and workweek when formulating their RFC and Antonio's argument similarly lacks merit here.[2]  "[T]he RFC finding by definition 'is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.'"  *Thomas L. v. O'Malley*, C.A. No. 24-00195-WES, 2024 WL 4948805, at *8 (D.R.I. Dec. 3, 2024) (quoting 61 Fed. Reg. 34474), *report and recommendation adopted by text order*, (D.R.I. Jan. 27, 2025).

---

[2] *See, e.g.*, *Marissa L. v. Bisignano*, C.A. No. 24-323-MRD-PAS, 2025 WL 2463218, at *5-6 (D.R.I. Aug. 26, 2025), *report and recommendation adopted by text order*, (D.R.I. Sept. 24, 2025); *Basil C. v. Bisignano*, C.A. No. 24-cv-421-JJM-AEM, 2025 WL 1431017, at *2 (D.R.I. May 19, 2025); *Emily C. v. Dudek*, C.A. No. 24-00324-LDA, 2025 WL 1263715, at *7 (D.R.I. May 1, 2025); *Christine L. v. Colvin*, C.A. No. 24-145-LDA, 2024 WL 5118440, at *7 (D.R.I. Dec. 16, 2024); *Thomas L. v. O'Malley*, C.A. No. 24-00195-WES, 2024 WL 4948805, at *8 (D.R.I. Dec. 3, 2024), *report and recommendation adopted by text order*, (D.R.I. Jan. 27, 2025).

In formulating Antonio's RFC, the ALJ relied upon the findings of state agency medical consultants Dr. Mitchell Pressman, M.D., Dr. Clifford Gordon, Ed.D., Dr. Henry Laurelli, M.D., and Dr. Jeffrey Hughes, Psy.D., which included that Antonio had a moderate limitation in his ability to complete a normal workday and workweek; had no significant limitation in his ability to sustain an ordinary routine; and could complete simple, routine, repetitive, and familiar tasks in two-hour blocks of time. ECF No. 9 at 52, 102, 118-19. The ALJ's RFC finding is supported by the reports of the state agency medical consultants who necessarily consider "a claimant's capacity to sustain work over a normal workday and workweek on an ongoing basis," as "to do otherwise would, of course, provide no insight into a claimant's actual functional capacity." *Emily C. v. Dudek*, C.A. No. 24-00324-LDA, 2025 WL 1263715, at *7 (D.R.I. May 1, 2025) (citing Social Security Administration's Program Operations Manual System ("POMS"), DI § 24510.057(B)(1)-(2), (4)).

### B. Substantial Evidence

Antonio next argues that the ALJ erred as a matter of law by formulating an RFC that was not based on substantial evidence. ECF No. 13 at 2. He states that his "mental health impairment cannot be addressed by a limitation to performing simple tasks, frequent interactions with supervisors and occasional interactions with co-workers and the public, and tolerate occasional changes in a routine work setting." *Id.* at 8-9.

The ALJ considered all the evidence in the record and noted that Antonio's mental status examinations are "largely benign" and depict him "as alert, oriented, cooperative, and euthymic with good eye contact, appropriate grooming and hygiene, intact memory, logical and organized thought processes, and normal insight in judgment." ECF No. 9 at 51; *see id.* at 357, 361-62, 380, 417, 419, 429-30, 433. The ALJ acknowledged the documented issues with attention and

concentration (*see id.* at 430, 433) and one exam in which Antonio presented as "hypomanic and anxious with nervous affect and psychomotor agitation" (*see id.* at 380).  *Id.* at 51..  The ALJ ultimately noted that she considered and accounted for Antonio's attentional issues, impaired concentration, anxious affect, and difficulty interacting with others in establishing the limitations contained in his RFC.  *Id.* at 51-52.  The ALJ also relied upon the prior administrative medical findings that Antonio "was capable of simple, routine, repetitive, and familiar tasks" and "can overall relate adequately with others" and "adapt to ordinary changes in work environment."  *Id.* at 52; *see id.* at 102, 119.

Antonio specifically argues that the ALJ failed to consider the notes from psychological consultative examiner Dr. Dragone-Hyde, Psy.D.,[3] that Antonio "has fair to poor insight and judgment" (*id.* at 380).  ECF No. 13 at 9.  Antonio ignores that the state agency medical consultants that the ALJ relied upon in crafting the RFC specifically considered Dr. Dragone-Hyde's finding.  ECF No. 9 at 99, 108.  The ALJ also noted that the record as a whole "*generally* depict[s] . . . normal insight and judgment."  *Id.* at 51 (emphasis added); *see id.* at 357 ("Insight: Within normal limits" and "Judgment: Within normal limits"), 430 ("Judgment and Insight: Judgment is not impaired.").

Similarly, Antonio argues that the ALJ disregards notes from his counselors at LifeStance Health that his "impairments have . . . functional impacts that include emotional dysregulation and

---

[3] Antonio argues that the ALJ "felt that she did not have" to discuss Dr. Dragone-Hyde's finding (ECF No. 13 at 9), but the ALJ appropriately considered Dr. Dragone-Hyde's mental status examination as objective medical evidence and her diagnoses and other findings as other medical evidence and cited to her report extensively throughout the decision.  ECF No. 9 at 52.  As discussed by the ALJ, all evidence is considered when making a disability determination, 20 C.F.R. §§ 404.1520(a)(3), 404.1520b, 416.920, 416.920(b), but unlike medical opinions and prior administrative medical findings, there is no requirement that the ALJ specifically articulate how she considered the objective medical evidence or other medical evidence.  *See id.* §§ 404.1520c, 416.920(c).

impaired relationship functioning" (*id.* at 430, 433).  ECF No. 13 at 9.  But again, the ALJ appropriately considered all the evidence—including the records from LifeStance—and noted that the record as a whole "demonstrates that he can function in public places and situations with relatively low social demands," though she acknowledged that Antonio "would find interaction with others at times challenging" and therefore created an RFC with only occasional interaction with coworkers and the public.  ECF No. 9 at 51-52; *see, e.g.*, *id.* at 357 ("Mood: Other: easily bored."), 361 ("Pt describes his mood in positive terms."), 380 ("The claimant is able to interact with others."), 417 ("He did not appear to be depressed or anxious."), 429 ("Mood: Euthymic.").

Antonio has failed to show any error in the ALJ's evaluation of the evidence or in the ultimate RFC finding, and the RFC finding is adequately supported by substantial evidence.  Thus, the ALJ's decision must be affirmed.

## V.    CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 13) is DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 15) is GRANTED.  The Clerk shall enter Final Judgment in favor of Defendant.


 */s/  Amy E. Moses*
AMY E. MOSES
United States Magistrate Judge

January 23, 2026